## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

SAKARIA CRAWFORD,                          CASE NO.:

     Plaintiff,

v.

FORMATIV HEALTH MANAGEMENT, INC.,
a Foreign Profit Corporation,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SAKARIA CRAWFORD ("Ms. Crawford" or "Plaintiff"), files this complaint against Defendant, FORMATIV HEALTH MANAGEMENT, INC. ("FHM" or "Defendant"), and states as follows:

## PARTIES, JURISDICTION, AND VENUE

1.  Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), the Americans with Disabilities Act 42 U.S.C. § 12101, *et seq*. ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA") to recover back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, injunctive relief, equitable relief, front pay, declaratory relief, punitive damages, and reasonable attorneys' fees and costs.

2.   This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

3.   This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq*, and also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as Plaintiff's ADA and FMLA claims.

4.   At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Duval County, Florida.

5.   Defendant is a Foreign Profit Corporation Company that is located and does business in Duval County, Florida, and is therefore within the jurisdiction of this Court.

6.   Plaintiff worked for Defendant in Duval County, Florida, and therefore the proper venue for this case is the Jacksonville Division of the Middle District of Florida.

7.   At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

8.     At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) plaintiff suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

9.     Plaintiff is a disabled female. At all times material, Plaintiff was protected during her employment with Defendant by the FCRA and ADA because:

a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of her disability or "perceived disability" by Defendant; and

b. Plaintiff was retaliated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of her disability or "perceived disability."

10.   Defendant was at all times an "employer" as envisioned by the ADA and FCRA as it employed in excess of fifteen (15) employees.

## CONDITIONS PRECEDENT

11. On or around May 10, 2021, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission

("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

12.   More than 180 days have passed since the filing of the Charge of Discrimination.

13.   On or around September 7, 2021, Plaintiff received the EEOC's Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her claims within 90 days of his receipt of the same.

14.   Plaintiff timely files this action within the applicable period of limitations against Defendant.

15.   All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

16.   Ms. Crawford worked for FHM as a Patient Access Representative from December 3, 2018, until her termination on October 8, 2020.

17.   Unfortunately, on August 24, 2020, Ms. Crawford was in a motor vehicle accident and, as a result, began suffering disabilities and serious health conditions, including back pain, immobility numbness and weakness, sciatica, and radiculopathy.

18.   Ms. Crawford disclosed her disabilities to one of her FHM Supervisors, Aaron Hagley, and attempted to engage Mr. Hagley in a conversation about potential reasonable accommodation for her disabilities, such as being excused some days or

afternoons to attend follow-up medical appointments or address flare-ups of her disabilities.

19.   In response, Mr. Hagley threatened darkly that unless Ms. Crawford utilized FMLA leave, FHM would not even discuss reasonable, non-burdensome accommodation with her.

20.   Ms. Crawford therefore applied for intermittent FMLA leave in order to treat and address her serious health conditions.

21.   On or about September 28, 2020, Ms. Crawford's application for intermittent FMLA leave to treat and address her serious health conditions was approved, and Ms. Crawford and FHM learned of this approval from FHM's third-party benefits coordinator, Sedgwick.

22.   Very shortly thereafter, on October 8, 2020, FHM informed Ms. Crawford that it had decided to terminate her employment, effective immediately.

23.   As a result of the permanent nature of Ms. Crawford's medical conditions and need for continuing treatment qualify it both as a protected disability under the ADA and FCRA, as well as a serious health condition under the FMLA.

24.   Defendant did not have a legitimate, non-retaliatory reason, for its actions.

25.   Ms. Crawford's requests for reasonable accommodation/leave and her objections to management are both considered "protected activity," under the FMLA, the ADA, and the FCRA.

26.   It is clear that Ms. Crawford's discharge was a result of FHM's retaliation based on Ms. Crawford's requests for accommodation for her disabilities, Ms. Crawford's disabling, serious health conditions, and Ms. Crawford's need for intermittent unpaid FMLA leave in order to treat and address same.

27.   Any other "reason" theorized by FHM for Ms. Crawford's discharge is pure pretext.

28.   FHM's adverse employment action recounted herein was taken in interference with, and retaliation for, Ms. Crawford disclosing her serious health conditions, and utilizing FMLA leave to treat and address same.

29.   Because FHM terminated Ms. Crawford during her use of FMLA leave it interfered with what should have been protected utilization of intermittent FMLA leave to treat and address her chronic, serious health conditions, FHM's adverse employment actions also constituted blatant FMLA interference and retaliation.

30.   Ms. Crawford was unquestionably engaging in statutorily protected conduct by advising FHM of her serious health conditions and utilizing intermittent unpaid leave pursuant to the FMLA in order to address the conditions.

31.   Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation.

32.   Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

33.   The timing of Plaintiff's use of protected FMLA leave, and Defendant's discharge of her employment, alone demonstrates a causal and temporal connection between her protected activity and the illegal actions taken against her by Defendant.

34.   Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for her utilization of protected FMLA leave.

35.   Defendant also discriminated against Ms. Crawford due to her disability, and retaliated against her due to her requests/utilization of reasonable accommodations.

36.   An employer is required to provide its disabled employees with a reasonable accommodation, if that reasonable accommodation would allow that employee to perform the essential functions of her job, unless doing so would impose an undue hardship.

37.   Ms. Crawford is an individual with a disability who, with reasonable accommodation, was fully capable of performing the essential functions of her job.

38.   Allowing Ms. Crawford to utilize a period of unpaid leave without penalty or negative repercussions, such as termination, would have been a reasonable accommodation.

39.   By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA and the FCRA.

40.   Defendant was aware of Plaintiff's ADA/FCRA-protected disability and need for accommodation.

41.   Defendant, however, being well aware of Plaintiff's condition, discriminated and retaliated against Plaintiff for taking time off work to seek treatment, and for requesting reasonable accommodation.

42.   At all times material hereto, Plaintiff was ready, willing and able to perform her job duties and otherwise qualified for her position, with "reasonable accommodation."

43.   Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of her position, despite the fact that Plaintiff could perform same with reasonable accommodation.

44.   Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

45.    Pleading in the alternative, Plaintiff's health condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

46.    Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the ADA/FCRA.

47.    Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of his disability and/or "perceived disability."

48.    As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

49.    Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

50.    Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## UNLAWFUL INTERFERENCE UNDER THE FMLA

51.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 2, 4-8, 16-34, and 48-50, above.

52.    At all times relevant hereto, Plaintiff was protected by the FMLA.

53. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

54. At all times relevant hereto, Defendant interfered with Plaintiff by harassing her every time she undertook leave and dissuading her from taking FMLA leave.

55. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

56. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

<u>**COUNT II**</u>
<u>**UNLAWFUL RETALIATION UNDER THE FMLA**</u>

57. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 2, 4-8, 16-34, and 48-50, above.

58. At all times relevant hereto, Plaintiff was protected by the FMLA.

59.   At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

60.   At all times relevant hereto, Defendant retaliated against Plaintiff for using FMLA leave and for attempting to utilize FMLA-protected leave.

61.   Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff attempted to exercise her rights to take approved leave pursuant to the FMLA.

62.   As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

63.   As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III
## DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

64.   Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3-6, 9-27, and 35-50 above.

65.   The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

66.   The discrimination to which Plaintiff was subjected was based on her disability and/or "perceived disability."

67.   The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

68.   Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

69.   The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

70.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to,

front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV
## DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

71.   Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3-6, 9-27, and 35-50 above.

72.   The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

73.   The discrimination to which Plaintiff was subjected was based on her disability/handicap, or "perceived disability."

74.   The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

75.   The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

76.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

77.   Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT V
## RETALIATION UNDER THE ADA BASED ON DISABILITY

78.   Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3-6, 9-27, and 35-50 above.

79.   Plaintiff was terminated within close temporal proximity of her requests for reasonable accommodations and objection to Defendant that he felt she was being discriminated against based on his disability.

80.   Plaintiff's requests and objections constituted protected activity under the ADA.

81.   Plaintiff was terminated as a direct result of her objection to what she reasonably believed to be disability discrimination and for her requests for reasonable accommodations.

82.   Plaintiff's objections to Defendant's illegal conduct as well as her requests for accommodations, and her termination, are causally related.

83.   Defendant's stated reasons for Plaintiff's termination are a pretext.

84.   The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

85.   The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

86.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

87.   Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as

her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

**COUNT VI**
**RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT**
**BASED ON DISABILITY**

88.   Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3-6, 9-27, and 35-50 above.

89.   Plaintiff was terminated within close temporal proximity of her requests for reasonable accommodations and objection to Defendant that he felt she was being discriminated against based on her disability.

90.   Plaintiff's objection/requests for accommodations constituted protected activity under the FCRA.

91.   Plaintiff was terminated as a direct result of her objection to what she reasonably believed to be disability discrimination and for her requests for reasonable accommodations.

92.   Plaintiff's objection to Defendant's illegal conduct, and her requests for reasonable accommodation, and her termination, are causally related.

93.   Defendant's stated reasons for Plaintiff's termination are a pretext.

94.   The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation,

inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

95.   The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

96.   Plaintiff is entitled to recover his reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

97.   Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 6th day of October, 2022.

Respectfully Submitted,

**_/s/ Noah E. Storch_**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR. 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile:   (954) 337-2771
E-mail: **noah@floridaovertimelawyer.com**

*Attorneys for Plaintiff*